IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALBERT WAYNE WARE, § <br> No. 103646, § <br> Petitioner, § <br> § <br> v. § <br> § <br> EL PASO PSYCHIATRIC § <br> INSTITUTE, § <br> Respondent. § | EP-17-CV-393-DCG |

## MEMORANDUM OPINION AND ORDER

Petitioner Albert Wayne Ware seeks relief from his mental health competency commitment to the Respondent El Paso Psychiatric Institute through a *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 1). More specifically, Ware challenges the 120-day commitment ordered by the 243rd Judicial District Court of El Paso County, Texas, in cause number 20170D01638. Ware claims his arrest was illegal because he did not receive *Miranda* or any other warnings, the trial court erred when it denied his oral motions to dismiss, and he was wrongfully detained at the county jail for six months before he was sent to the El Paso Psychiatric Institute for the mental health competency evaluation. Pet'r's Pet. at 6-7, ECF No. 1.

For the reasons outlined below, the Court concludes it should dismiss Ware's petition. The Court additionally concludes it should deny Ware a certificate of appealability.

## APPLICABLE LAW

Federal habeas corpus is the appropriate means for seeking relief from a mental health competency commitment. *See Seling v. Young*, 531 U.S. 250 (2001) (involving a habeas corpus

challenge under 28 U.S.C. § 2254 to a civil judgment of commitment under a state sex offender statute); *Jackson v. Foti*, 670 F.2d 516 (5th Cir. Unit A 1980) (addressing a federal habeas corpus challenge brought by an "insanity acquittee" seeking release from confinement in a state hospital). As a prerequisite to obtaining § 2254 relief, however, a petitioner must exhaust all remedies available in the state system. 28 U.S.C. § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)). It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." *Ex Parte Royall*, 117 U.S. 241, 251 (1886).

"The [Texas] legislature has set out a very specific process by which the competency of a criminal defendant to stand trial is determined. That process hinges on a determination of competency or incompetency made under [Texas Code of Criminal Procedure] article 46B.005, and the legislature has explicitly barred any [interlocutory] appeal from such a determination." *Queen v. State*, 212 S.W.3d 619, 622 (Tex. App. 2006); *see also* Tex. Crim. Proc. Code Ann. § 46B.011 (West) ("Neither the state nor the defendant is entitled to make an interlocutory appeal relating to a determination or ruling under Article 46B.005."). Because "the legislature did not intend to allow interlocutory appeals . . . there is no . . . adequate remedy at law" from orders of temporary commitment made after a determination of incompetence. *Id.* at 623. Therefore, a petitioner must bring claims arising from mental health competency commitment proceedings "by way of a petition for writ of habeas corpus." *Id.* (citing Tex. Code Crim. Proc. Ann. art. 11.01

(West 2005)).

Thus, a petitioner challenging mental health competency commitment proceedings satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest criminal court in a procedurally proper manner before filing a petition in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In Texas, the Court of Criminal Appeals is the highest court for criminal matters. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). A Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07. *See* Tex. Crim. Proc. Code Ann. art. 11.07; *Queen*, 212 S.W.3d at 623; *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

## ANALYSIS

Ware does not allege in his petition, and the on-line records of the Court of Criminal Appeals do not show,[1] that he presented his claims to the Texas Court of Criminal Appeals prior to seeking federal habeas corpus relief. Ware has also not shown in his petition that the Court should excuse the exhaustion requirement because he cannot obtain redress in a state court or that the corrective process is so clearly deficient as to render futile any effort by you to obtain relief. *See Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).

"[A] federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies

---

[1] *See* http://search.txcourts.gov/CaseSearch, search for Albert Wayne Ware, last visited Apr. 2, 2018.

and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) (citing *Granberry v. Greer*, 481 U.S. 129, 129-33 (1987)). And before taking this action, the court must generally give a petitioner "notice and an opportunity to respond to the exhaustion issue." *Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir. 2009) (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006)). "This rule against no-notice *sua sponte* dismissal is subject to two exceptions: if the dismissal is without prejudice, or if the plaintiff has alleged his best case." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

The Court ordered Ware to show cause, on or before March 15, 2018, why it should not dismiss his petition because he failed to exhaust his remedies in the state system. Order, Warning, and Advisory, ECF No. 4. The Court warned Ware that if he failed to timely respond, it could, on its own initiative and without further notice to him, dismiss his cause for failure to prosecute or failure to comply with a court order, pursuant to Federal Rule of Civil Procedure 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998). The Court advised Ware that "[t]his authority [under Rule 41(b)] flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

As of this date, Ware has not responded to the Court's order. And because Ware failed to respond, the Court concludes it should dismiss his cause without prejudice. No less drastic sanction is available here, given that Ware has not complied with the Court's order.

### CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit

justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1) (2012). To warrant a certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that jurists of reason would not debate whether its procedural ruling in this case is correct. The Court, therefore, finds it should deny Ware a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the Court concludes that Ware is not entitled to federal habeas corpus relief at this time. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Albert Wayne Ware's "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with a court order.

**IT IS FURTHER ORDERED** that Petitioner Albert Wayne Ware is **DENIED** a certificate of appealability.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SO ORDERED.

SIGNED this 3rd day of April, 2018.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**